UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT J. ARMOUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16CV1328 JCH |
| ) | |
| SCHNEIDER NATIONAL CARRIERS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand to State Court, filed August 29, 2016. (ECF No. 11). The motion is fully briefed and ready for disposition.

# BACKGROUND

On June 30, 2016, Plaintiff Robert J. Armour filed his Petition for Personal Injury against Defendants Schneider National Carriers, Inc. ("Schneider") and Michael T. Mullen ("Mullen") in the Circuit Court of St. Louis County, Missouri. (Petition, ECF No. 8 (hereinafter "Complaint" or "Compl.")). In his Complaint, Plaintiff alleges he was driving an automobile traveling eastbound on Interstate 70 in St. Louis County, Missouri, on June 22, 2015, when Mullen, while driving a tractor-trailer owned by Schneider, negligently collided with the driver's side of Plaintiff's automobile. (Compl., ¶¶ 4, 6, 9-10). Plaintiff claims that as a result of Defendants' negligence[1], he "sustained injuries and damages to his chest, heart, and body as a whole along with the ligaments, nerves,

---

1 Plaintiff claims Mullen acted negligently by, among other things, failing to have his truck under proper control, and failing to maintain proper lane usage, while Schneider acted negligently by, among other things, failing properly to instruct and train its agents, servants and employees on how properly and safely to operate a service truck, and by hiring and retaining Mullen as an employee when Schneider knew or should have known of his dangerous

- 1 -

tissues, tendons, and muscles." (*Id.*, ¶ 12). Plaintiff asserts he sustained pain of body and mind and incurred medical expenses in the past, and would sustain such pain and incur such expenses in the future as well. (*Id.*). In his prayer for relief, Plaintiff requests damages, "in the amount that is fair and reasonable, and not in excess of Seventy-Five Thousand Dollars ($75,000.00) to be inserted together with costs extended herein, and for such other and further relief as this court deems just and proper in the premises." (*Id.*, P. 4).

On August 16, 2016, Defendants removed this action to the United States District Court for the Eastern District of Missouri, claiming diversity jurisdiction pursuant to 28 U.S.C. §1332. (Defendants' Notice of Removal, ECF No. 1). Defendants assert that, notwithstanding Plaintiff's contention he seeks damages less than $75,000.00, the amount in controversy actually exceeds $75,000.00. Defendants maintain Plaintiff's claims of past and future pain, injury and necessary medical care, together with his earlier settlement demand seeking $125,000.00, establish the requisite federal amount in controversy. (*Id.*, ¶¶ 15-22; ECF No. 1-7).

As noted above, Plaintiff filed the instant Motion to Remand to State Court on August 29, 2016, stating in part as follows:

> That pursuant to *Workman v. Kawasaki Motors Corporation, U.S.A.,* Plaintiff stipulates to the following: 1) Plaintiff irrevocably agrees that the amount of damages claimed in this action is and will forever be less than $75,000.00 exclusive of interest and costs; 2) Plaintiff hereby irrevocably agrees to the entry of an order of court which places an irrevocable cap upon the damages which may be sought by or awarded to Plaintiff in this case. This cap shall be set at $74,999.99 exclusive of interest and costs; and 3) Plaintiff agrees, acknowledges, and understands that this stipulation is binding upon him and cannot be rescinded or revoked under any circumstances regardless of any development which may occur during the investigation, discovery, pretrial, or trial of this action.

(ECF No. 11, P. 1).

## **DISCUSSION**

---

proclivities. (Compl., ¶¶ 10, 11).

"'[T]he party seeking removal and opposing remand…ha[s] the burden of establishing federal subject matter jurisdiction.'" *Vermillion v. Cornwell Quality Tools Co.*, 2015 WL 4459098, at *1 (E.D. Mo. Jul. 21, 2015) (quoting *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993)). The amount in controversy requirement of diversity jurisdiction is strictly construed, and all doubts concerning federal jurisdiction are resolved in favor of remand. *Lowe v. First Financial Ins. Co.*, 2015 WL 753139, at *2 (W.D. Mo. Feb. 23, 2015); *Williams v. National Credit Adjusters, LLC*, 2014 WL 5823457, at *1 (E.D. Mo. Nov. 10, 2014).

The Eighth Circuit has articulated the standard to apply in determining whether a federal court has subject matter jurisdiction in a removed case, as follows: "Where, as here, the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party...must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation*, 346 F.3d 830, 834 (8th Cir. 2003) (citation omitted). The Eighth Circuit further has held that, "[t]his amount-in-controversy requirement is satisfied when a fact finder could legally conclude, from the pleadings and the proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Capitol Indem. Corp. v. 1405 Associates, Inc.*, 340 F.3d 547, 549 (8th Cir. 2003) (internal quotation marks and citation omitted).

In their response to Plaintiff's Motion to Remand, Defendants assert his claims meet the amount in controversy requirement because: 1) he alleges he has suffered and will suffer severe pain and injury; 2) he alleges he has expended money for necessary medical care, services, and treatment in excess of $36,134.00, and will be required to expend more in the future; and 3) he has made a demand for settlement in the amount of $125,000.00. (Defendants' Joint Response to Plaintiff's Motion to Remand, PP. 4-5). Upon consideration, the Court finds Defendants' argument persuasive. Specifically, in light of the extent to which Plaintiff's injuries are pled, this Court cannot

find, as a matter of law, that his damages will not exceed $75,000.00. *See Quinn v. Kimble*, 228 F.Supp.2d 1038, 1040-41 (E.D. Mo. 2002) (internal quotation marks and citations omitted) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are....As defendant points out, a jury *could* award the requisite jurisdictional amount, given that plaintiff[] suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses...."). Plaintiff's Motion to Remand to State Court will therefore be denied.[2]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand to State Court (ECF No. 11) is **DENIED**.

Dated this   29th     Day of September, 2016.

\s\ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[2] The Court recognizes that in cases in which state law prevents the plaintiff from demanding a specific amount of damages in his Petition, some judges have permitted post-removal affidavits to be considered, "to the extent that they *clarify*, rather than amend, the original pleading." *Neighbors v. Muha*, 2005 WL 2346968, at *3 (W.D. Mo. Sep. 26, 2005) (citation omitted); *see also Slavin v. State Farm Mut. Auto. Ins. Co.*, 2005 WL 3274337, at *2-3 (E.D. Mo. Dec. 2, 2005). Those rulings do not help Plaintiff here, however, as the Motion to Remand is neither signed by Plaintiff nor notarized, and thus cannot constitute a, "binding stipulation by plaintiff filed both in state and federal court stating that [plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $75,000 exclusive of interest and costs...." *Slavin*, 2005 WL 3274337, at *3. Should Plaintiff "submit an affidavit or other binding declaration that he will not seek or accept in State court more than the federal diversity jurisdictional amount….such a post-removal attestation would warrant remand." *Fainer v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 911724, at *3 (E.D. Mo. Apr. 1, 2009) (citations omitted).